UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:16-CR-100 |
| | ) | |
| KRISTY HUFFAKER | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* "Emergency Motion Requesting Compassionate Release Pursuant to 18 USC § 3582(c)(1)(A)." [Doc. 285]. The United States has responded in opposition to the motion [doc. 290], and the defendant has not replied within the time allowed by this court's Local Rules.

The motion is now ripe for the Court's consideration. For the reasons provided below, the motion will be denied.

**I.    BACKGROUND**

In March 2017, the Honorable Pamela L. Reeves sentenced the defendant to an 84-month term of imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FPC Alderson with a scheduled release date of September 3, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 7, 2020).

Noting the COVID-19 pandemic, the defendant now moves for immediate compassionate release citing a Bureau of Prisons ("BOP") Health Problems Report which states that she suffers from chronic viral hepatitis C, hypokalemia, essential primary hypertension, hypermetropia, presbyopia, astigmatism, major depressive disorder, and anxiety disorder. [Doc. 285]. The defendant also claims to be obese and a former smoker.

Lastly, she argues that she would receive a lesser term of imprisonment if sentenced today under current law.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

2

Case 3:16-cr-00100-RLJ-CCS   Document 294   Filed 10/09/20   Page 2 of 8   PageID #: 2596

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). If such reasons are shown, the Court must then determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). If the Court so finds, it must then consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 285]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion.

*See Alam*, 960 F.3d at 832.

## B. Merits

Regarding a movant's threshold burden of demonstrating the existence of extraordinary and compelling reasons warranting compassionate release, the Application Notes to guideline 1B1.13 provide in material part:

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>     (I) suffering from a serious physical or medical condition,
>
>     (II) suffering from a serious functional or cognitive impairment, or
>
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. —
>
>     . . .
>
> (C) Family Circumstances. —
>
>     . . .

4

Case 3:16-cr-00100-RLJ-CCS   Document 294   Filed 10/09/20   Page 4 of 8   PageID #: 2598

>> (D) *Other Reasons*.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court construes the defendant's motion as relying on subsections (A)(ii)(I) and (D). She cites personal health concerns, the COVID-19 pandemic, and the possibility that she might receive a lesser term of imprisonment if sentenced today.

Subsection (A)(ii)(I) requires a movant to demonstrate a serious physical or medical condition which substantially diminishes the movant's ability to provide self-care within the prison environment and from which the movant is not expected to recover. The present defendant has not made that showing.

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"). Additionally, the defendant's prison currently only has three documented positive cases of COVID-19, *see* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020), indicating that the preventative measures cited by the United States in its response are indeed having an effect .

5

Severely obese persons are currently considered to be at increased risk of serious illness from COVID-19, and those with hypertension might be at higher risk. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 7, 2020). The defendant has not documented, however, that she is obese.

On the record before it, the Court concludes that the defendant's cited medical conditions are not of the severity contemplated by guideline 1B1.13's policy statement. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release). The BOP's SENTRY Report shows that the defendant is categorized as Care Level 1. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Oct. 7, 2020). Further, as noted, COVID-19 is relatively under control at the defendant's facility. For these reasons, the Court finds that the defendant has not met her burden of showing that she suffers from a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

Turning to subsection (D) ("there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)"), the Court notes that there is presently a split of authority as to whether that

6

"catch all" provision may be used by the courts or only by the BOP. *Compare United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) (subsection (D) may be employed by the BOP or by the courts), *with United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (BOP only). This Court need not enter into that dispute today because, in any event, the issue cited by the defendant does not constitute an "extraordinary and compelling reason."

The defendant's argument regarding the sentence she might receive today is construed as a reference to Sections 401(a)(1) and (a)(2) of the First Step Act. Those sections, respectively, redefine the types of prior convictions that can be used to enhance a defendant's sentence under 21 U.S.C. § 851 and they reduce the enhanced mandatory minimum sentences for certain controlled substance offenses.

Pursuant to section 401(c) of the First Step Act, Section 401 applies only to persons who had not yet been sentenced as of December 21, 2018. *See* 132 Stat. 5194, 5221. The instant defendant was sentenced in 2017. Section 401 of the First Step Act therefore does not apply to her, and this Court will not use guideline subsection (D) to circumvent Congress's express intent. *See, e.g., United States v. Cisneros*, CR. NO. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020) ("[T]his court hesitates to conclude that it should reduce Cisneros's sentence solely on the ground that the change in the law constitutes an extraordinary and compelling circumstance. Otherwise, every inmate who might receive a reduced sentence today would be eligible for compassionate release, and Congress's decision not to make the First Step Act retroactive would be meaningless.").

7

Having considered the issues raised by the defendant, individually and in combination, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release.

### III. CONCLUSION

The defendant's motion for compassionate release [doc. 285] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

8

Case 3:16-cr-00100-RLJ-CCS   Document 294   Filed 10/09/20   Page 8 of 8   PageID #: 2602